**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30082 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00363-JLR-1 |
| v. | |
| MICHAEL PAUL GRADNEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 13, 2014[**]
Seattle, Washington

Before: O'SCANNLAIN, BERZON, and TALLMAN, Circuit Judges.

Michael Paul Gradney appeals from his conviction following a jury trial of

possession and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(b)(1)(C), as well as being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(e). We affirm.

**(1)** The warrant was not impermissibly based on stale information. The affidavit filed with the warrant application contained information suggesting that Gradney had engaged in crack cocaine distribution as early as November 2010, and as recently as two nights before the warrant issued. There was thus evidence that Gradney "was more than a one-time drug seller." *United States v. Pitts*, 6 F.3d 1366, 1370 (9th Cir. 1993). Gradney's "continuing pattern" of drug dealing, including two nights before the warrant issued, provided evidence sufficiently "closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. Lacy*, 119 F.3d 742, 745–46 (9th Cir. 1997) (citations and quotation marks omitted).

**(2)** Nor did the district court err in concluding that there was sufficient evidence to establish "a reasonable nexus between the activities supporting probable cause and the locations to be searched." *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991). The affidavit provided links between Gradney's alleged drug dealing and his girlfriend's residence ("the Auburn house") sufficient to support a reasonable belief that evidence of drug dealing would be found in the house.

First, in 2010, Gradney was arrested after being pulled over in a car registered to the Auburn house. Police discovered in the car several grams of crack cocaine packaged for sale. Second, Gradney arrived for each of the September 2011 controlled buys in a gold Cadillac. That Cadillac was seen parked outside the Auburn house early in the morning and late at night almost every day for a month before Gradney's arrest. Third, two nights before the warrant issued, Gradney was seen smoking a cigarette outside the Auburn house before getting into the Cadillac to head off to five hours of suspected drug dealing.

We allow magistrates to "draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). Here, the affidavit supported a search of the Auburn house for evidence of drug dealing.

*United States v. Grandberry*, 730 F.3d 968 (9th Cir. 2013), is not to the contrary. That case concerned whether Grandberry, a parolee, *lived* at the residence searched, not whether he used it for drug dealing, *id.* at 970, and there was evidence that he did not live there, *id.* at 978–82.

**(3)** The district court did not abuse its discretion in refusing to give Gradney's requested missing witness instruction. The identities of the confidential informants ("CIs") were disclosed to the defense prior to trial, and the government

told the defense that it was unable to locate them.  Although the government had a pre-existing relationship with the CIs, the defense could have searched for them after being informed of their identities and the fact that they were missing.  The CIs were not, therefore, "peculiarly within the power of the" government, a necessary prerequisite to obtain a missing witness instruction.  *United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012); *see also United States v. Noah*, 475 F.2d 688, 691 (9th Cir. 1973).  Nor was there evidence to suggest that the CIs' testimony would have been favorable to Gradney, the other requirement for a missing witness instruction.  *See Leal-Del Carmen*, 697 F.3d at 974–75.

**AFFIRMED.**